## John H. F. Groene *v.* Gertrude Frondhof.

A *feme covert* is not competent to enter into contracts, so as to give a personal remedy against her. She may become entitled to property for her separate use and pledge the same and make it answerable for her engagements, but no personal decree can be made against her. The creditor must proceed *in rem* against the property.

General Term.—Proceeding in error to reverse a judgment, rendered in favor of the defendant, by Storer, J., at special term of May, A. D. 1857.

The facts are sufficiently stated in the decision.

*Forrest & Joachim*, for plaintiff in error.

*Stallo, Andrews & McCook*, for defendant in error.

Gholson, J., delivered the opinion of the court.

The question to be decided in this case arose below upon a demurrer to the petition. It was stated that the defendant and her husband, then living, made a promissory note, payable to the plaintiff. In the promissory note, which is rather in the form of a certificate, but also contains a promise to pay $276 one year after its date, there is this expression: "To secure said debt, we pledge our house and lot and other property."

The petition stated that after the death of her husband, the defendant promised to pay the debt. That time was given at her request, which has elapsed, but she failed to pay.

It was stated that the defendant and her husband kept a boarding-house, and the consideration of the note was groceries furnished.

It was stated that the husband owned a piece of property which he sold, and with the proceeds purchased another, which was conveyed to the wife, and held as her separate estate; and, also, that the husband, at his death, owned a large amount of personal property, of which the defendant took possession, and holds as her individual property, and refuses to apply to the payment of the husband's debts.

The only relief asked is a personal judgment against the defendant for the amount of the note and interest.

We think the demurrer in this case was properly sustained. It is quite clear that a *feme covert* is not competent to enter into contracts so as to give a personal remedy against her. Although she may become entitled to property for her separate use, she is no more capable of contracting than before. She may pledge her separate property, and make it answerable for her engagements, but no personal decree can be made against her, the court must proceed *in rem* against the property; 1 Mylne & Craig, 105, *Aylett* v. *Ashton;* 1 Madd. 259, *Francis* v. *Wigzell.* That the rights of others to deal with a married woman as a *feme sole*, are limited by provisions of the gifts to her separate use, is the principle of all the equitable jurisdiction on this subject; 4 Mylne & Craig, 87, 89, *Scott* v. *Davis;* 12 Grattan, 425, 430, *Nixon* v. *Rose;* 3 John. Ch. 77, *M. E. Church* v. *Jaques.* Such being the origin of the right, it must be restricted to some proceeding against the property, and can not authorize a personal decree or judgment.

The note in this case, independent of any claim, to charge any separate estate of the defendant as a *feme covert*, was, at law, void.

The present action is not brought to charge any property which may have been held by the defendant as separate estate. To create such a charge an intention must be alleged, which may be express or may be implied from the circumstances. Whether such an intention actually existed in this case, or could be inferred, need not be decided, as the case is not brought with that view. A personal demand is asserted, and this clearly could not arise upon the note. Was it created by any subsequent promise? For this subsequent promise, no consideration is stated or claimed. Something is said of a forbearance, but a forbearance of a claim which has no existence can not be a consideration. There must be something to forbear, or there can be no forbearance.

The judgment must be affirmed.